**No. 55026.**—Belmar Watch Co. et al. *v.* United States, protests 158702–K, etc. (Philadelphia).

Opinion by EKWALL, J. It was stipulated that the appraisement of the merchandise and the liquidation of the entries were made in the same manner, under facts and circumstances the same in all material respects, as the appraisement and liquidation in *The Gruen Watch Company* v. *United States* (24 Cust. Ct. 101, C. D. 1216). In accordance with stipulation and following the cited authority the claim of the plaintiffs was sustained. It was further held that a legal liquidation should be had which would form the basis for a protest in which, should they so desire, the importers may litigate any questions presented by such action under section 514, Tariff Act of 1930.

**No. 55027.**—Schenley Import Corp. *v.* United States, protest 133743–K (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the merchandise, issues, and facts are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested, not found, were not in fact received by the importer. In accordance with stipulation of counsel and following the decision cited it has held that duty and internal revenue tax are not assessable upon such portions of the merchandise as were reported by the inspector as manifested, not found. The protest was sustained to this extent.

**No. 55028.**—McKesson & Robbins, Inc., and W. A. Taylor & Co. *v.* United States, protests 162672–K and 163575–K (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the merchandise, issues, and facts are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested, not found, were not in fact received by the importers. In accordance with stipulation of counsel and following the decision cited it was held that duty and internal revenue tax are not assessable upon such portions of the merchandise as were reported by the inspector as manifested, not found. The protests were sustained to this extent.